J-A07045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN JOSE PEREZ | : | |
| | : | |
| Appellant | : | No. 1274 MDA 2020 |

Appeal from the PCRA Order Entered September 3, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000886-2017

BEFORE: BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 24, 2021**

Appellant Juan Jose Perez appeals the order of the Court of Common Pleas of Schuylkill County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  Appellant claims he is entitled to a new trial due to the ineffectiveness of his trial counsel.  After careful review, we affirm.

This Court previously summarized the relevant facts as follows on direct appeal:

> On December 19, 2016, at around 7:30 a.m., William Murphy (Victim) was driving along Gilbert Street in Shenandoah, Pennsylvania, when he encountered Appellant, Ramon Delvalle (Delvalle) and Alnaldo Perez–Rodriguez (Perez–Rodriguez), who were on foot. Victim had previously met Appellant on one or two occasions because Appellant worked in the barbershop owned by Victim's uncle. During these prior interactions, Victim and Appellant engaged in casual conversation and Appellant had

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

offered to cut Victim's hair if he ever needed a haircut. Victim was unfamiliar with Delvalle and Perez–Rodriguez.

Upon encountering Appellant, Delvalle, and Perez–Rodriguez, Appellant asked Victim if he needed a haircut, to which Victim responded, "I'll let you know." N.T., 8/24/17, at 30. Appellant then told Victim that the three men needed a ride. Although Victim never agreed to give them a ride, the three men entered Victim's vehicle and Appellant forced him at gunpoint to drive them to Victim's home. Appellant, along with Delvalle and Perez–Rodriguez, forced Victim into his home at gunpoint and held him there for approximately nine hours. Victim's fiancé and children were not home when Victim and the three men arrived.

Appellant, Delvalle, and Perez–Rodriguez proceeded to hold Victim captive in a closet. Although the record is not entirely clear, it was Victim's understanding that Appellant, Delvalle, and Perez–Rodriguez were using Victim to hide out in his house while the local police conducted drug raids throughout Shenandoah. Throughout the day, Victim observed Appellant looking out the window to check for the presence of police. At one point while they were at Victim's house, Appellant made Victim strip naked because he believed Appellant was wearing a wire and working undercover for the police.

When Victim's fiancé arrived home from work, Appellant, Delvalle, and Perez–Rodriguez made Victim drive them to Reading, Pennsylvania. Victim's fiancé was unaware that the three men were forcing Victim to do so at gunpoint. While driving to Reading, Appellant, Delvalle, and Perez–Rodriguez taunted Victim about shooting and killing him with the gun. When they arrived in Reading, Victim and Appellant noticed that a woman in a purple car was following Victim's vehicle. At this time, Appellant, Delvalle, and Perez–Rodriguez fled Victim's car. Victim immediately sped away, returned to his home in Shenandoah, and contacted the police. Victim testified that throughout the entire ordeal, he felt certain that he was going to die.

On March 11, 2017, Appellant was arrested and charged with kidnapping to facilitate the commission of a felony or flight thereafter, criminal conspiracy to commit kidnapping, corruption of minors, kidnapping to inflict bodily injury on or to terrorize the victim or another, unlawful restraint, false imprisonment, simple assault, persons not to possess firearms, and firearms not be carried without a license. On August 24, 2017, following a jury

trial, the Commonwealth withdrew the charge for kidnapping to facilitate commission of a felony or flight thereafter. The jury found Appellant not guilty of criminal conspiracy to commit kidnapping and corruption of minors, but guilty of all remaining charges.

*Commonwealth v. Perez*, 1667 MDA 2017, 2018 WL 1528450, at *1–2 (Pa.Super. Mar. 29, 2018) (unpublished memorandum).

Thereafter, on October 5, 2017, the trial court imposed an aggregate sentence of 12½ to 25 years' imprisonment. On March 29, 2018, this Court affirmed the judgment of sentence. Appellant did not file a petition for allowance of appeal with the Supreme Court.

On February 21, 2019, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who filed an amended petition on May 28, 2019. After holding evidentiary hearings on June 27, 2019 and July 16, 2019, the PCRA court denied Appellant's petition on September 3, 2020.

Appellant filed this appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant raises the following issues for our review:

1. Whether trial counsel was ineffective for failing to investigate or call witnesses willing to testify on [Appellant's] behalf?

2. Whether trial counsel was ineffective for failing to use the transcript of the Co-Defendant's preliminary hearing to impeach the alleged victim at trial?

3. Whether trial counsel was ineffective for not moving for a new trial at the conclusion of the case preserving the right to pursue a weight of the evidence claim?

Appellant's Brief at 3 (suggested answers omitted).

In reviewing the denial of a PCRA petition, our standard of review is well-established:

> [o]ur review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. **Commonwealth v. Cox**, 636 Pa. 603, 146 A.3d 221, 226 n.9 (2016). The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Burton**, 638 Pa. 687, 158 A.3d 618, 627 n.13 (2017).

**Commonwealth v. Small**, 647 Pa. 423, 440–41, 189 A.3d 961, 971 (2018).

Appellant raises multiple claims of ineffectiveness on appeal. Our review is guided by the following principles:

> [a]s originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.
>
> **Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 600 Pa. 1, 963 A.2d 409, 419 (2009).

**Commonwealth v. Selenski**, 228 A.3d 8, 15 (Pa.Super. 2020).

First, Appellant claims that trial counsel was ineffective in failing to call certain witnesses to testify on his behalf.

In establishing whether defense counsel was ineffective for failing to call witnesses, appellant must prove: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Treiber*, 632 Pa. 449, 498, 121 A.3d 435, 463–64 (2015) (quoting *Commonwealth v. Puksar*, 597 Pa. 240, 951 A.2d 267, 277 (2008) (citation omitted)).

Specifically, Appellant argues that prior to trial, he provided trial counsel with the names of several individuals who were available and willing to testify on his behalf. However, at the PCRA hearing, the Commonwealth presented the testimony of trial counsel, who insisted that Appellant neither identified any witnesses that would be helpful to the defense nor directed trial counsel to investigate any potential witnesses. On the contrary, trial counsel testified that Appellant refused to discuss the case when trial counsel had visited him in the county prison. Trial counsel indicated that Appellant eventually began to discuss trial strategy when he was faced with a last-minute ultimatum to accept a particular plea agreement offer or go to trial.

While Appellant claims that he gave trial counsel a list of potential witnesses that could testify on his behalf, the PCRA court found that this assertion was not credible. We will not disturb the credibility findings of the PCRA court, which are supported by the record. *Selenski*, *supra*. Moreover, Appellant does not attempt to develop any analysis on appeal to identify these witnesses, argue that they were willing and available to testify on his behalf,

or allege how the absence of their testimony resulted in prejudice such that he was denied a fair trial. *See Treiber*, *supra*. "When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, "he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Commonwealth v. Fears*, 624 Pa. 446, 461, 86 A.3d 795, 804 (2014). As such, this claim of ineffectiveness fails.

Second, Appellant asserts that trial counsel failed to impeach the victim with testimony from the consolidated preliminary hearing of Appellant's co-defendants. Appellant alleges that "at that proceeding, the alleged victim offered testimony which differed greatly from what he stated during [Appellant's] preliminary hearing which was held several months later." Appellant's Brief, at 16.

We note that the record does not contain the transcript of the preliminary hearing for Appellant's co-defendants. As Appellant was not prosecuted jointly with his co-defendants and had a separate preliminary hearing, the transcript from Appellant's co-defendants' preliminary hearing was not a part of the record in Appellant's case.

From our review of the record, it appears Appellant did not seek to enter the transcript in its entirety into the record before the trial court or the PCRA court. In reviewing the transcripts from Appellant's trial, we observe that trial counsel referred to the transcript in question in attempting to impeach the victim on cross-examination, but never entered the transcript as an exhibit.

"It is well-settled that "an appellate court is limited to considering only the materials in the certified record." *In re: S.M.*, 176 A.3d 927, 934 (Pa.Super. 2017) (quoting *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa.Super. 2006)). "It is the responsibility of Appellant to ensure all necessary transcripts are included in the certified record. *In re C.R.*, 113 A.3d 328, 333 (Pa.Super. 2015) (citing Pa.R.A.P. 1911(a)). As Appellant failed to ensure that this transcript was included in the certified record before this Court on appeal, we find his claim to be waived.

Lastly, Appellant argues that trial counsel was ineffective in failing to properly raise a challenge to the weight of the evidence. In particular, Appellant argues that the victim's testimony at trial, when compared to his testimony at the preliminary hearing of his co-defendants, was too inconsistent to justify a conviction.

In support of this claim, Appellant reiterates his prior two ineffectiveness claims in asserting that the trial court would have granted him a new trial *if* trial counsel had presented the testimony of Appellant's desired witnesses and *if* counsel had impeached the victim with his testimony at Appellant's co-defendants' preliminary hearing. Appellant then baldly asserts that "[t]he potential witnesses' testimony coupled with [the victim's] contradictory account of the events, would have provided the trial court with sufficient reason to rule that the verdict rendered was against the weight of the evidence and grant [Appellant] a new trial." Appellant's Brief, at 20-21. This argument

presupposes that Appellant successfully proved counsel's ineffectiveness on the first two claims, which he did not.

Further, Appellant has not shown that the underlying challenge to the weight of the evidence has arguable merit.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
>> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> [***Commonwealth v. Widmer***],560 Pa. [308,] 321–22, 744 A.2d [745,] 753 [(2000)] (emphasis added).
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:
>
>> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Widmer,*560 Pa. at 322, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co.,* 533 Pa. 441, 447, 625 A.2d 1181, 1184–85 (1993)).

*Commonwealth v. Clay*, 619 Pa. 423, 64 A.3d 1049, 1055 (2013) (some internal citations omitted). In order to grant a new trial on the grounds that the verdict is against the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Akhmedov*, 216 A.3d 307, 326 (Pa.Super. 2019) (*en banc*).

Appellant's weight of the evidence argument is grounded in the theory that the jury should not have believed the victim's "convoluted" testimony. Appellant's Brief, at 13. However, he does not specifically argue how exactly the victim's testimony was contradictory as other than attempting to rely on alleged evidence and testimony which he claims could have potentially been presented in his defense.

In reaching its verdict to convict Appellant of the offenses at issue, the jury was "free to believe all, part, or none of the evidence presented." *Commonwealth v. Mosley,* 114 A.3d 1072, 1087 (Pa.Super. 2015) (citations omitted). This Court will not reassess the credibility of the witnesses, as that task is within the exclusive purview of the fact-finder. *Commonwealth v. Hankerson,* 118 A.3d 415, 420 (Pa.Super. 2015) (citations omitted).

As Appellant has not shown that his proposed weight of the evidence challenge had arguable merit, he did not meet the first prong of the

ineffectiveness test.  "Counsel cannot be deemed ineffective for failing to raise a meritless claim."  *Fears*, 624 Pa. at 461, 86 A.3d at 804 (quoting *Commonwealth v. Washington*, 592 Pa. 698, 927 A.2d 586, 603 (2007) (citations omitted)).  Accordingly, this claim of ineffectiveness also fails.

For the foregoing reasons, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/24/2021